[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeared and offered testimony. The defendant failed to appear and his attorney proceeded on defendant's behalf and in his absence. After examining the file and hearing testimony, the Court finds defendant's conduct in failing to follow the Court's orders of a most serious nature. The defendant is simply above the law. A detailed history is not required, but the following background will be helpful. The action was commenced by complaint, dated July 10, 1996, seeking alimony, child support, custody, and attorney's fees. On August 12, 1996, a restraining order was stipulated to whereby the defendant would not dispose or transfer any of his assets. It was also ordered pursuant to the same stipulation that the defendant would preserve medical insurance and life insurance pendente lite for the plaintiff. On August 12, 1996, by stipulation of the parties, the plaintiff was awarded custody of the minor child. Child support was ordered in the amount of $220 per week, and alimony of $285 per week, for a total of $505 weekly. On August 26, 1996, a request for interrogatories and production was filed, and despite numerous orders for compliance, etc., the defendant failed to file any responses or submit any documentation in accordance with the Court's orders. On December 1, 1997, the defendant was found in contempt and an arrearage for support and alimony was determined to be $18,120 (Moraghan, J.). On January 26, 1998, the previous order of December 1, 1997 was republished (Moraghan, J.). In addition thereto, during the court proceedings, the plaintiff's automobile was surreptitiously removed from the parking lot by the defendant, and it was ordered by the Court that the automobile be returned to her. CT Page 13717
On March 31, 1997, the defendant removed the minor child from the State of Connecticut despite the fact that the Court had ordered full custody to the plaintiff on August 12, 1996. She has not seen her son since that date. The plaintiff claims she started experiencing psychiatric difficulties after an assault by the defendant and that she was subsequently diagnosed as manic depressive. There was no evidence offered at the time of trial to support any claimed causal relation. The plaintiff is thirty-three and is a British citizen. She had earned the sum of $15,500 as a Montessori teacher. That is the highest amount of income that she has earned. She has what is comparable to an associate's degree. She appears to be bright and insightful and has a moderate earning capacity. A most significant factor in the marital relation is plaintiff's mental health. She continues to suffer from acute manic depression and has recently been hospitalized on at least two occasions. Since 1997, she has been treating on a regular and faithful basis with a psychologist and psychiatrist. She takes Depacote and Clorapin and appears to be able to handle her situation with minimal stress. With continued treatment and use of medication, she will function as a productive member of society. Based on the evidence of physical violence and alcohol abuse by the defendant, the Court finds that the defendant is at fault and his conduct is the cause for the breakdown of the marriage. The Court has considered all of the criteria set forth in § 46b-82 of the Connecticut General Statutes in making its alimony determination.
FINDING
The Court finds that it has jurisdiction and that the marriage has broken down irretrievably, and the plaintiff has proven the allegations of her complaint.
The following are the orders of the Court:
ALIMONY
As of November 12, 1998, the defendant owes to the plaintiff the sum of $29,070 as alimony pendente lite. A lump sum payment of $15,000 shall be paid to the plaintiff on or before December 8, 1998. The balance shall be paid at the rate of $100 per week until paid in full. Interest is ordered in the amount of 10 percent on the arrearage for alimony as well as child support from the date of default. CT Page 13718
As current alimony, the defendant shall pay to the plaintiff the sum of $500 per week until the plaintiff dies, remarries, or cohabits with an unrelated male for a period of seven years. In addition, the Court orders the defendant to pay the sum of one ($1) dollar per year at the end of the seven year alimony period. If there is a substantial change in her psychiatric condition, the matter of continued alimony can then be considered. The modification of alimony shall address this matter only.
CHILD SUPPORT
The defendant owes the plaintiff the sum of $3300 as pendente lite child support which he shall pay at the rate of $100 per week commencing December 8, 1998 until paid in full. During the period that the plaintiff has child visitation for a period of one or more weeks, the child support order shall be $250 per week. The defendant shall be solely responsible for the support of the minor child while he remains in his care.
CUSTODY
The parties shall have joint legal custody of the minor child. The minor child shall continue to reside with the defendant. That order is subject to change when the plaintiff is able to have physical custody of the minor child.
COMMUNICATION
The plaintiff shall call and speak with the minor child at least once per week. The defendant shall send to the plaintiff regular written reports outlining the child's educational events, medical events and social development. These reports shall include current photos of the minor child.
VISITATION
The plaintiff shall be entitled to visitation with the minor child on a reasonable, liberal and flexible basis. Such visitation is intended to include at least six visits per week of four days duration each. The first of the four day period shall commence at 1 p. m. on Thursday, December 10, 1998, and will terminate on Sunday at 6 p. m. Physical visitation is ordered on the second Thursday of March, June, and September of 1999, at the same times. It is further ordered that the plaintiff shall have visitation for two weeks commencing on July 12, 1999. All of the CT Page 13719 visitation shall be in the State of Connecticut. The defendant shall be obligated to bring the minor child to Connecticut to visit with the plaintiff, and said visitation is ordered to be provided to the plaintiff at the Superior Court, 146 White Street, Danbury, Connecticut, at the Family Relations office at 1 p. m. sharp. All transportation costs shall be borne by the defendant.
MEDICAL INSURANCE
The defendant shall provide medical insurance for the benefit of the minor child. Any policy contemplated shall at all times be the equivalent of Blue Cross/Blue Shield or other comprehensive medical program. All medical, dental, including orthodontia, shall be paid by the defendant. Neither party shall make any major medical decisions regarding the minor child without first consulting the other, except in the case of emergency. In addition thereto, the defendant shall provide medical insurance benefits for the plaintiff so long as he is obligated to pay alimony. The payment of medical insurance shall not be construed as alimony.
LIFE INSURANCE
The defendant shall maintain life insurance on his life in the amount of at least $100,000 during the minority of the child, naming the plaintiff as beneficiary of one-half of the policy, and the minor child of the marriage as an equal beneficiary of one-half of the policy. The defendant shall furnish the plaintiff, on a semi-annual basis, proof that he is insured in the specified amount and is a beneficiary, and that the parties are designated as any plaintiff and minor child are designated as beneficiaries as set forth herein. The defendant shall further notify his insurance company that there should be a notice to the beneficiary if there is any lapse in coverage.
TAX RETURNS
The parties have previously filed joint federal and state income tax returns. If there is a deficiency assessment in connection with any of the joint returns, each party shall notify the other party immediately in writing. The defendant shall be solely responsible for the payment of any deficiency and all costs of audit. CT Page 13720
COUNSEL FEES
The defendant shall pay the plaintiff's costs and reasonable attorney's fees incurred in the present court action for the dissolution of the marriage in the amount of $8500 to be paid to plaintiff's attorney on or before December 8, 1998. The Court makes a finding that defendant is not able to bear any of the expense.
PENSION
The defendant has certain pension rights with present or former employers or has had these rights. It is ordered that one-half of any pension assets he now has available shall be assigned to the plaintiff by way of a Qualified Domestic Relations Order (QDRO). The plaintiff shall have one-half the value of any pension assets that have been disposed of by the defendant. The net effect of this order is that the plaintiff shall have one-half of any and all pension assets or the value thereof that the defendant is entitled to or has been entitled to.
DEPENDENCY DEDUCTION
The defendant shall be entitled to claim the minor child as a dependent for tax reporting purposes, and the plaintiff shall execute all documentation necessary to facilitate this order, and he shall be entitled to take the dependency deduction only if he has paid in full his obligations for the year he wishes to take the child as a deduction.
OTHER
In view of the Court's finding that defendant has violated the Court orders and has dissipated his assets, the Court reserves the right to enter additional orders when further financial information is obtained with respect to the defendant.
Owens, J.